825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monroe Crawford PARKER, Defendant-Appellant.
 No. 86-5155
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1987.
Decided July 21, 1987.
 
 Lawrence Wilson Hewitt (Berry, Hogewood, Edwards & Freeman, P.A., on brief), for appellant.
 Debra Jo Stuart, Assistant United States Attorney (Charles R. Brewer, United States Attorney, on brief), for appellee.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Monroe C. Parker, appeals his convictions on one count of bank fraud (18 U.S.C. Sec. 1344); two counts of mail fraud and attempting the same in connection with fraudulent credit applications (18 U.S.C. Sec. 1341); three counts of wire fraud in connection with fraudulent credit applications; and four counts of violation of 42 U.S.C. Sec. 408(g), falsely representing a social security number to be one's own assigned number.
 
 
 2
 We think there was sufficient evidence to sustain the conviction on counts five and six of the indictment despite the fact that a handwriting expert declined to identify defendant's signature on an application for credit at Belk's stores. The expert declined to make the identification only because the original was not available and a copy was substituted to him for inspection. The jury had the copy, however, and, in any event, there was ample other evidence to support the identification of the defendant.
 
 
 3
 We are also of opinion that it was not reversible error to admit evidence of other bad acts to show motive, intent or plan, and that it was reasonably foreseeable that credit applications to Belk's, Ivey's and First National Union Bank would bring about the use of interstate wire facilities.
 
 
 4
 The judgment of conviction is accordingly.
 
 
 5
 AFFIRMED.